UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUANITA WASHINGTON | CIVIL ACTION |
| VERSUS | NO. 24-892 |
| WALMART INC. | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is plaintiff Juanita Washington's motion to reinstate her claim.[1] For the following reasons, the Court denies the motion.

### I. BACKGROUND

This case arises out of plaintiff's alleged slip and fall in Walmart, when plaintiff allegedly fell on water leaking from an ice cooler owned by and under the control of defendant Walmart, Inc. ("Walmart").[2] Plaintiff filed suit in Louisiana state court in August 2023, and defendant removed the case to this Court in April 2024.[3]

The Court first ordered a scheduling conference on June 5, 2024, to discuss the status of the case and set discovery deadlines, a pre-trial conference, and a trial date.[4] Plaintiff did not participate in this conference.

---

[1] R. Doc. 13.
[2] R. Doc. 1-2 at 1.
[3] R. Doc. 1.
[4] R. Doc. 7.

Court records did not reflect that plaintiff's counsel was admitted to practice in this Court. Counsel was notified that he must be admitted to practice in order to proceed with the case, but he had not done so by July 8, 2024.[5] On that date, the Court ordered plaintiff's counsel to petition the court for admission, substitution, or withdrawal of counsel by July 29, 2024.[6] Three weeks after the July 29, 2024, deadline, plaintiff's counsel petitioned for readmission, but did not communicate with the Court about the missed scheduling conference.

The Court ordered a second scheduling conference on November 19, 2024.[7] Plaintiff's counsel failed to participate in the second scheduling conference, and he also did not communicate with the Court about this missed scheduling conference.

On November 19, 2024, after counsel missed two scheduling conferences, which delayed the scheduling of trial by seven months, the Court ordered plaintiff to show cause in writing by November 26, 2024, why the Court should not dismiss her case for failure to prosecute under Federal

---

5    R. Doc. 8.
6    *Id.*
7    R. Doc. 9.

Rule of Civil Procedure 41(b).[8]  Plaintiff did not respond, and the Court dismissed the action without prejudice on November 27, 2024.[9]

Plaintiff filed a motion to reopen the case on December 3, 2024.[10] Plaintiff's counsel asserted that he failed to see the email notification of the Court's second Show Cause order because it went to his spam folder.[11]  He also alleged that that he did not receive notification of the November 19, 2024, scheduling conference. [12]  He stated that his backup email information was outdated and is now corrected.[13]

The Court considers the motion below.

## II.   LAW AND DISCUSSION

Motions seeking review of a previous order disposing of the case are treated as Rule 59(e) motions to alter or amend the judgment.  *See Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994*)*.   A district court has considerable discretion to grant or deny

---

[8]    R. Doc. 10.
[9]    R. Doc. 11.
[10]   R. Doc. 13.
[11]   R. Doc. 13-1 at 1.
[12]   *Id.* at 2.
[13]   *Id.*

a motion under Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The Court must "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999). Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a claim for failure to prosecute and for failure to comply with a court

order. *See Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985); *see also Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin*, 756 F.2d at 401.

Plaintiff fails to demonstrate that she is entitled to relief under Rule 59(e). Plaintiff failed to comply with the Court's orders on four occasions, which prevented the Court from scheduling a trial date for seven months. Plaintiff's counsel's belated excuse for his noncompliance—a series of email issues due to his lack of experience practicing in this Court—is not cause to alter the judgment under Rule 59(e). The Court need not alter its judgment after a party failed to respond to Court orders because of issues that were reasonably within the control of plaintiff's counsel.

The Fifth Circuit has upheld a district court's decision to deny Rule 59(e) relief after counsel failed to respond due to email mistakes. In *Dillion v. Martin*, No. 24-30360, 2024 WL 4589799, at *3 (5th Cir. Oct. 28, 2024), the Fifth Circuit affirmed the district court's decision to deny Rule 59(e) relief after it dismissed the underlying matter under Rule 41(b) for failure to prosecute. Plaintiff's counsel argued that he did not receive the court's notices or filings because he did not maintain a current email address with

the court's case management system. *Id.* at *2. The Fifth Circuit held that the district court acted within its discretion in denying Rule 59(e) relief, because plaintiff's counsel violated both the district court's orders and the local rules pertaining to the court's case management system, and because the failure to respond was within plaintiff's and his counsel's reasonable control. *Id.* at *3. In *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021), the Fifth Circuit held that the district court did not err in denying Rule 59(e) relief when counsel argued he did not know about the motion, and so could not respond, because of a glitch in his email system. The court noted that plaintiff's "counsel was plainly in the best position to ensure that his own email was working properly." *Id.* at 396. Similarly, in *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019), the Fifth Circuit upheld the denial of Rule 59(e) relief after counsel, who argued that the court's communications were inadvertently diverted to his spam folder, failed to file a response to a motion to dismiss. The court noted that plaintiffs' counsel failed to properly register with the court's electronic filing system, which violated local rules, and that the failure to respond was within the counsel's reasonable control, so the district court did not abuse its discretion in denying relief. *Id.*

Here, plaintiff does not demonstrate any of the requirements for Rule 59(e) relief. She does not point to any change in controlling law and does not submit newly discovered evidence that was previously unavailable. Additionally, the Court has not made any manifest errors of law or fact. *See Dillion*, 2024 WL 4589799, at *3 (holding that it is not a manifest error of law or fact when plaintiff's counsel failed to respond to a Rule 41(b) dismissal motion because of an issue with counsel's email); *see also Trevino*, 944 F.3d at 570–71 (It is not "a manifest error to deny relief when failure to file was within Plaintiffs' counsel's 'reasonable control.'"). As in the Fifth Circuit cases cited above, plaintiff's counsel violated the Court's local rules pertaining to the Court's Case Management/Electronic Case Files System ("CM/ECF System"). The local rules provide that "[e]ach attorney has a continuing obligation to notify the Court promptly of any changes in . . . email, or other ECF account information. [A]ttorneys are required to maintain their ECF accounts and to update the account promptly with any changes." E.D. La. Admin. Proc. for Elec. Case Filings & Unique Procs. & Pracs. For Elec. Filings R. 2, at 1 (Mar. 2015). "The Court and Clerk of Court shall have no responsibility for the failure of the Filing User's electronic filing system. . . . It is the responsibility of the ECF Filing User to maintain a working current e-mail account and to make any changes promptly to e-mail

addresses." *Id.* R. 5, at 3; *see id.* R. 2, at 2 ("Registration as a Filing User constitutes consent to electronic service of all documents as provided in these rules in accordance with the Federal Rules of Civil Procedure."); *see also* Fed. R. Civ. P. 5(b)(2)(E) ("A paper is served under this rule by . . . sending it to a registered user by filing it with the court's electronic-filing system."). Here, plaintiff violated both this Court's orders and the local rules, and her failure to respond was reasonably within her own control. As the above-cited Fifth Circuit cases demonstrate, the Court did not commit a manifest error in dismissing plaintiff's case for failure to prosecute.

Because plaintiff fails to demonstrate that Rule 59(e) relief is merited, the Court denies the motion.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to reinstate her claim.

New Orleans, Louisiana, this __25th__ day of February, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE